UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------X   NOT FOR PUBLICATION

JOSE RIOS,

                    Plaintiff,

              v.                             MEMORANDUM
                                                     AND ORDER
RICHARD MANTELLINO, JONATHAN       16-CV-726 (WFK)
DAVID, NEW YORK CITY POLICE DEPT.,

                    Defendants.
------------------------------------------------------X
KUNTZ, United States District Judge:

On February 8, 2016, plaintiff Jose Rios, a federal inmate currently incarcerated at the Metropolitan Detention Center ("MDC") in Brooklyn, New York,[1] filed this *pro se* action against defendants pursuant to 42 U.S.C. § 1983. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). The complaint is hereby dismissed for the reasons set forth below.

## Background

Plaintiff alleges that the New York Police Department has denied his repeated requests for a copy of a 911 recording. Compl. at 3. Plaintiff does not identify the 911 recording he seeks to obtain and alleges that he "cannot file an Article 78 action because the court either refuses to send the form or does not answer [his] request for them." *Id.* at 3. He seeks an order directing that the 911 recording be released to him and damages of $20 million. *Id.* at 4.

---

[1] At the time plaintiff filed this complaint, he was incarcerated at the United States Penitentiary in Pollack, Louisiana. *See* Compl. at 2. According to the Bureau of Prisons website, he is now located at the Brooklyn MDC. *See* https://www.bop.gov/inmateloc (last visited 3/2/16).

1

## Standard of Review

In reviewing the complaint, the Court is mindful that plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). A complaint, however, must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

Nonetheless, the Court must screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint or any portion of the complaint if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A(a) & (b)(1). *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Moreover, pursuant to the *in forma pauperis* statute, the Court must dismiss the action if it determines that it is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## Discussion

Plaintiff is proceeding pursuant to 42 U.S.C. § 1983. Section 1983 provides, in pertinent part:

2

> Every person who, under color of any statute, ordinance regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress
> . . . .

42 U.S.C. § 1983. This statute "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993); *see also Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). In order to maintain a § 1983 action, a plaintiff must show that the defendant (a) acted under color of state law (b) to deprive the plaintiff of a right arising under the Constitution or federal law. *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citing *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1984)).

Here, plaintiff does not state a claim arising under the Constitution or federal laws; rather plaintiff's claim arises under state law, specifically New York's Freedom of Information Law ("FOIL"), *see* N.Y. Pub. Off. Law §§ 84-90. Defendants' alleged failure to respond to plaintiff's FOIL requests does not state a claim under § 1983. *See Collins v. City of New York*, 05-CV-5595, 2007 WL 2455142, at *5 (E.D.N.Y. Aug. 23, 2007) (Garaufis, J.) ("Clearly, a violation of state law is not cognizable under § 1983") (citing *Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985)). Federal courts do not have jurisdiction to enforce state laws granting public access to official records. FOIL claims which are not resolved by the state or city agency must be brought in the New York State Supreme Court pursuant to Article 78 of the New York Civil Practice Law and Rules.

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). Any state law claims are dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/WFK

WILLIAM F. KUNTZ, II
United States District Judge

Dated: March 2, 2016
Brooklyn, New York